# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORRIS,    ) | |
| )  | |
| Plaintiff    ) | **Case No.:** |
| )  | |
| v.    ) | **COMPLAINT AND DEMAND FOR** |
| )  | **JURY TRIAL** |
| WHY NOT LEASE IT, LLC,    ) | |
| )  | **(Unfair Debt Collection Practices)** |
| Defendant    ) | |

## COMPLAINT

WILLIAM MORRIS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WHY NOT LEASE IT, LLC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

1

PLAINTIFF'S COMPLAINT

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Washington, Pennsylvania 15301.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a business entity with an office located at 1750 Elm Street, Ste. 1200, Manchester, New Hampshire 03104.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that he has had for more than one year.

11.    The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12.    Beginning in or around August 2015, and continuing thereafter, Defendant called Plaintiff on his cellular telephone.

2

13.    In addition to contacting Plaintiff through its live representatives, Defendant also used an automatic telephone dialing system and/or artificial or pre-recorded messages.

14.    Plaintiff knew the calls were automated as several times he received a call from Defendant, there was a noticeable delay prior to being transferred to a collector.

15.    Defendant's telephone calls were not made for "emergency purposes."

16.    Although Plaintiff has an account with Defendant, he revoked any consent that may have previously been given to Defendant to call his cellular telephone when the calls first began in August 2015.

17.    Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone, whereby Plaintiff estimates that forty five (45) additional calls were made since his initial revocation.

18.    Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

19.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

21.     Defendant's calls to Plaintiff were not made for emergency purposes.

22.     Defendant's calls to Plaintiff, in and after August 2015, were not made with Plaintiff's prior express consent as Plaintiff verbally revoked any prior consent he may have given during his numerous conversations with Defendant.

23.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILLIAM MORRIS, respectfully prays for a judgment as follows:

4

   a.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b.      Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   c.      Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3);

   d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

   e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIAM MORRIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 21, 2017          KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. B. Ginsburg
AMY L. B. GINSBURG
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT